## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ANDRES SOSA
a/k/a Henry Sosa
3308 Sherman Road NW, Apt. 25
Washington, DC 20010

       Plaintiff,

v.

CHINA, LLC
d/b/a MEIWAH RESTAURANT
1200 New Hampshire Avenue NW
Washington, DC 20036

       Defendant.

Civil Action No. _____

## **COMPLAINT**

### **Introduction**

1.     Defendant owns and operates a Chinese restaurant in Washington, DC. Defendant employed Plaintiff as a kitchen hand. Defendant paid Plaintiff a flat salary that resulted in a sub-minimum wage and a denial of overtime compensation.

2.     Plaintiff brings this action to recover damages for Defendant's willful failure to pay minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code § 32-1001 *et seq.*, and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28

U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this

district, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in

this district.

## Parties

5.      Plaintiff is an adult resident of Washington, DC.

6.      Defendant China, LLC is a District of Columbia corporation. It does business as

"Meiwah Restaurant." Its principal place of business is 1200 New Hampshire Avenue NW,

Washington, DC 20036. Its resident agent is Alisa M. La, whose resides at 5510 Muncaster Mill

Road, Derwood, MD 20855.

## Factual Allegations

7.      Defendant owns and operates "Meiwah Restaurant," a Chinese restaurant in Washington,

DC.

8.      Defendant's restaurant is located at 1200 New Hampshire Avenue NW, Washington, DC

20036.

9.      Defendant employed Plaintiff Andres Sosa in Defendant's restaurant from approximately

July 1, 2014 through approximately September 29, 2015.

2

10.    Plaintiff was employed in Defendant's restaurant as a kitchen hand. His duties included

washing dishes, cleaning, and preparing food.

11.    Plaintiff's typical work schedule was as follows:

| Monday | 11:00 a.m. – 11:00 p.m. | Break: 2:00 – 3:00 | 11 Hours |
|--------|--------------------------|---------------------|----------|
| Tuesday | 11:00 a.m. – 11:00 p.m. | Break: 2:00 – 3:00 | 11 Hours |
| Wednesday | OFF | OFF | OFF |
| Thursday | 11:00 a.m. – 11:00 p.m. | Break: 2:00 – 3:00 | 11 Hours |
| Friday | 11:00 a.m. – 11:00 p.m. | Break: 2:00 – 3:00 | 11 Hours |
| Saturday | 11:00 a.m. – 11:00 p.m. | Break: 2:00 – 3:00 | 11 Hours |
| Sunday | 11:00 a.m. – 11:00 p.m. | Break: 2:00 – 3:00 | 11 Hours |
|  |  |  | 66 Hours Scheduled (Total) |

12.    Defendant required Plaintiff to remain in the kitchen during his break.

13.    Defendant regularly interrupted Plaintiff's break with new work orders.

14.    Defendant required Plaintiff to always remain ready to accept new work during his break.

15.    Defendant's work demands did not allow Plaintiff to rest from working during his

scheduled break for more than 15 minutes at a time.

16.    Plaintiff worked 72 hours each and every workweek.

17.    Plaintiff did not take any weeks off from work during the course of his employment.

18.    Defendant paid Plaintiff twice a month in cash.

19.    Defendant paid Plaintiff on the 1st and on the 15th of each month.

20.     From approximately July 1, 2014 through approximately December 31, 2014, Defendant paid Plaintiff $850.00 twice a month – or about $5.45 for each hour worked.

21.     From approximately January 1, 2015 until approximately June 30, 2015, Defendant paid Plaintiff $900.00 twice a month – or about $5.77 for each hour worked.

22.     From approximately July 1, 2015 until approximately September 29, 2015 Defendant paid Plaintiff $950.00 twice a month – or about $6.09 for each hour worked.

23.     Plaintiff never received overtime compensation for any of his overtime hours.

24.     During the course of his employment, Plaintiff worked overtime hours during each and every workweek.

25.     During the course of his employment, Plaintiff worked approximately 32 hours of overtime each and every workweek.

26.     During the course of his employment, Plaintiff worked approximately 2,080 hours of overtime.

27.     Throughout Plaintiff's employment, the federal minimum wage was $7.25 per hour.

28.     The District of Columbia's minimum wage was $9.50 per hour from July 1, 2014 through June 30, 2015, and $10.50 per hour from July 1, 2015 through the present.

29.     At all relevant times, federal and District of Columbia law required Defendant to pay Plaintiff one and one-half times the minimum wage for all hours worked over 40 in any one workweek.

30.     Defendant intentionally did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009(a).

31.     Defendant intentionally did not provide Plaintiff with paystubs or itemized statements, as required by D.C. Code § 32-1008(b).

32.     Defendant owes Plaintiff approximately **$28,786.23** in minimum and overtime wages.

33.     At all relevant times, Defendant had two or more employees who regularly handled materials that had been moved in or produced for interstate commerce.

34.     At all relevant times, the annual gross volume of Defendant's business exceeded $500,000.00.

35.     At all relevant times, Defendant was exclusively owned by Larry Trung La.

36.     At all relevant times, Larry Trung La, either directly or through agents and employees, exercised exclusive control over the day-to-day operations of Defendant.

37.     Larry Trung La has been the general manager of "Meiwah Restaurant" from approximately February 2000 through October 2015.

38.     At all relevant times, Defendant had the power to fire Plaintiff.

39.     At all relevant times, Defendant had the power to control Plaintiff's work schedule.

40.     At all relevant times, Defendant had the power to set Plaintiff's rate of pay.

41.     At all relevant times, Defendant did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, or of how much Plaintiff was paid for his work, as required

by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiff will only be known through discovery.

42.     At all relevant times, Defendant was aware that it was legally required to pay Plaintiff the District of Columbia and federal minimum wage.

43.     At all relevant times, Defendant was aware that it was legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 hours in any one workweek.

44.     At all relevant times, Defendant was aware that it was not paying Plaintiff the District of Columbia and federal minimum wage

45.     At all relevant times, Defendant was aware that it was legally required to timely pay Plaintiff all wages that Plaintiff was legally due.

**COUNT I**

**FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA**

46.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

47.     Defendant was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

48.     The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

49.     The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

50.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

51.     Defendant violated the FLSA by knowingly failing to pay the required minimum wage to Plaintiff.

52.     Defendant violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one workweek.

53.     Defendant's violations of the FLSA were willful.

54.     For its violations of the FLSA, Defendant is liable to Plaintiff for unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

<u>COUNT II</u>
**FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA**

55.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

56.     Defendant was an "employer" within the meaning of the DCMWA, D.C. Code § 32-1002(3).

57.     The DCMWA required that employers pay non-exempt employees at least $9.50 per hour from July 1, 2014 through June 30, 2015, and $10.50 per hour from July 1, 2015 through the present. D.C. Code § 32-1003(a).

7

58.     The DCMWA also requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

59.     Defendant violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

60.     Defendant violated the DCMWA by knowingly failing to pay Plaintiff one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one workweek.

61.     Defendant's violations of the DCMWA were willful.

62.     For its violations of the DCMWA, Defendant is liable to Plaintiff for unpaid minimum wage and overtime compensation, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

63.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

64.     Defendant was an "employer" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

65.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

8

66.     For purposes of the DCWPCL, "wages" include, among other things, both minimum and overtime wages. D.C Code § 32-1301(3).

67.     Defendant violated the DCWPCL by knowingly failing to pay Plaintiff all wages earned, including minimum and overtime wages.

68.     Defendant's violations of the DCWPCL were willful.

69.     For its violations of the DCWPCL, Defendant is liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant on all counts, and grant the following relief:

a.      Award Plaintiff **$115,144.90**, consisting of the following overlapping elements:

   i.      unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii.     unpaid District of Columbia minimum and overtime wages, plus three times the amount of unpaid minimum and overtime wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012b(b)(1);

    iii.        unpaid wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.        Award Plaintiff pre-judgment and post-judgment interest as permitted by law.

c.        Award Plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d.        Award Plaintiff court costs; and

e.        Award any additional relief the Court deems just.

Date: 10/20/2015                Respectfully submitted,

                                /s/ Justin Zelikovitz, Esq.
                                Justin Zelikovitz, #986001
                                LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
                                519 H Street NW
                                Washington, DC 20001
                                Phone: (202) 803-6083
                                Fax: (202) 683-6102
                                justin@dcwagelaw.com

                                *Counsel for Plaintiff*